AMBROSIUS ZURFLUH, Respondent, v. THE PEOPLE'S RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, November 10, 1891.

1.   Practice, Appellate : REMITTITUR : EXCEPTIONS.  The propriety of a voluntary *remittitur* by a plaintiff of a part of the damages assessed by the verdict cannot be reviewed on appeal, unless an exception was taken by the defendant to the action of the trial court in permitting the *remittitur* to be made.

2. **Practice, Trial**: ACTIONS FOR PERSONAL INJURIES : REMITTITUR.
*Semble* that, in an action wherein the damages are incapable of
measurement by an exact money standard, such as actions for
personal injuries, the defendant's right to object to the verdict as
excessive cannot be obviated by a *remittitur* by the plaintiff of a
part of the damages assessed.

3. **Street Railroads** : SUFFICENCY OF THE EVIDENCE OF NEGLIGENCE.
*Held* that the evidence in this cause, which was one for damages
occasioned by a collision with a street railway car, did not war.
rant the submission of the cause to the jury, since the right of
recovery was predicated on the theory that the defendant's driver
could have stopped the car in time to avert the injury after he saw,
or by the exercise of ordinary diligence could have seen, the
perilous position of the plaintiff, and since there was no evidence
whatsoever of the space within which the car could have been
stopped, nor as to distance of the plaintiff from the car, when the
plaintiff's peril could first have been observed.

4. **Practice, Appellate**: JUDGMENT ON APPEAL. *Held per curiam*
that a judgment simply of reversal should be entered on the appeal
of a cause, wherein the trial court ought to have nonsuited the
plaintiff, but failed to do so, and that such judgment of reversal
was equivalent merely to a nonsuit, and, therefore, not a bar to
another action.

5. ——— : ———. But *held* by BIGGS, J., *dissenting,* that in such
case the judgment should be reversed and the cause remanded for
another trial, unless the evidence warranted a final judgment by
the appellate court for the appellant.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL D. FISHER, Judge.

REVERSED.

*T. J. Rowe,* for appellant.

*Rassieur & Schnurmacher,* for respondent.

BIGGS, J.—The plaintiff sues for personal injuries
which he claims resulted from the careless or negligent
operation of cars on defendant's street railway. The
defendant's railway is what is known as a cable road, and
consists of a double track. It runs south along Missis-
sippi avenue to LaFayette avenue, at which point it
turns west and extends along LaFayette avenue for a

considerable distance.  There was a collision between one of the defendant's cars and the plaintiff's wagon, which he was driving, by which the plaintiff claims he was thrown onto the street and injured.  The jury returned a verdict for the plaintiff in the sum of $1,500. The defendant filed a motion for a new trial, in which it was claimed that the amount of damage assessed by the jury was excessive.  During the pendency of this motion the plaintiff remitted the sum of $500, and the court thereupon overruled the motion and allowed the judgment to stand for the remainder.  The defendant brings the case here by appeal.

I.  The defendant's counsel insists that the judgment is excessive notwithstanding the *remittitur*.  As we are of the opinion that the judgment must be reversed on other grounds, the expression of our opinion of the amount of damage under the evidence becomes unnecessary.  Whether the voluntary *remittitur* was authorized or not, is not a question before us, for the reason that the defendant failed to object and except to the action of the court in permitting it to be done.  But in this connection we wish to call attention to the decision of the supreme court in the very recent case of *Gurley v. Railroad*, 16 S. W. Rep. 11.  The reasoning of the court in that opinion would certainly condemn such a practice.  It is the last utterance of the court on that subject, and must be held to be law notwithstanding what was said on the same subject in the case of *Furnish v. Railroad*, 102 Mo. 438.  In the *Gurley case* the court decided, and very properly so we think, that in actions for personal injuries and other actions, where the damages cannot be measured by an exact money standard, the supreme court cannot allow a *remittitur* to be made.  A *remittitur* is treated as destructive of the integrity of the verdict, and as tantamount to the assessment of the damages by the court itself.  The logic of the reasoning of the court is that, when the court is satisfied that such a verdict is excessive, this

conclusion is a strong evidentiary fact that a fair trial on the merits has not been had, and that, if the judgment is to be disturbed at all, it ought to be set aside altogether. If it is beyond the power of the supreme court to enter a *remittitur*, then the plaintiff ought not to be allowed to reconstruct a verdict in his favor by a voluntary *remittitur*.

II. Prior to and at the time of the accident, plaintiff was driving a team of horses attached to a loaded wagon west along LaFayette avenue. When he reached the point of intersection of LaFayette and Mississippi avenues, he attempted to cross the defendant's railway tracks for the purpose of pursuing his way along the north side of LaFayette avenue. In doing so his wagon was struck by one of the defendant's cars which was going south on the west track. It seems that all cars going south use the west track, and that those going north use the east track. The acts of negligence stated in the petition were, in substance, that the gripman on the defendant's car failed to give a sufficient warning of the approach of the car, and that he did not use that care which the law requires to avoid the collision after he discovered, or by the use of ordinary vigilance might have discovered, the danger to which the plaintiff was exposed. When the evidence was all in, the plaintiff seems, as shown by his instructions, to have placed his right of recovery solely on the ground that the defendant's servants might have avoided the injury, if they had made proper efforts to stop the car after they discovered, or by the use of ordinary diligence might have discovered, his perilous position. The instructions are as follows: "The court instructs the jury that, even though they may find and believe from the evidence that plaintiff was careless in undertaking to drive across defendant's track without looking for approaching trains, yet, if they also believe that defendant's employes in charge of its trains saw the plaintiff, or by the exercise of ordinary care would have seen him,

after he came into a position where he was likely to be injured by the car in question, in time to have stopped the train by the exercise of ordinary care and the reasonable use of the means at their command, and to have avoided a collision with and injury to plaintiff, then they will nevertheless find a verdict for plaintiff.''

''The court instructs the jury that plaintiff had an equal right with defendant to use the public streets of the city of St. Louis, and had a right to cross defendant's tracks upon such street and to assume that defendant's employes operating its trains would be on the lookout and give him some warning of the approach of such trains, if by reason thereof there was any danger of collision with plaintiff. If, therefore, the jury believe from the evidence that on December 23, 1890, the plaintiff was driving westwardly along the north side of LaFayette avenue, and that in passing over Mississippi avenue he started across the tracks of defendant; that, while upon the tracks, his wagon was run into by a train of defendant's cars, operated by its employes, and that he was thrown upon the street and injured; that defendant's employes saw, or by the exercise of ordinary care and caution could have seen, that plaintiff was in danger of being struck by the train, and that they could thereupon, by the exercise of ordinary care and the reasonable use of the means at their command, have stopped said train in time to have avoided a collision, and that they failed to do so, then the jury will find a verdict for plaintiff.''

The defendant's contention is, that the evidence in the case did not authorize these instructions.

It is fairly inferable from the plaintiff's own testimony that he was careless in his approach to the defendant's tracks, and in attempting to cross them in the manner in which he did. And it may also be said that his evidence failed to show that the defendant's servants in charge of the car failed to give the usual warning in approaching a crossing, or when danger to

persons on the street was to be apprehended. The plain-
tiff admitted that he could have seen the car, if he had
only looked, as soon as he reached Mississippi avenue;
that, when his horses reached the easterly track, he heard
the bell on the car ; that then for the first time he looked
and saw the car approaching from the north, about one
half block away ; that he did not stop because he
thought he had sufficient time to get across ahead of
the car; that he attempted to do so, but, before he reached
the west track on which the car was approaching, he
thought that there was danger of a collision, and that he
had better turn south, and did so ; that, when he made
this turn he saw another car approaching from the .west
about one block distant, and this caused him to again
attempt to cross the west track, and that in doing so
the car struck one of the hind wheels of the wagon.
Under this condition of the proof the plaintiff's counsel,
as we have indicated, seem to have abandoned the idea
that their client was without fault, or that the defendant
was negligent in the first instance. They properly
recognized that it was the duty of the plaintiff to take
some thought or care for his own safety, while travel-
ing along the streets of a populous city. Hence the
only possible theory, upon which a recovery could be
had, was a failure on the part of the defendant's ser-
vants to use proper care and efforts to avoid injury to
the plaintiff after they discovered, or by the exercise of
ordinary vigilance might have discovered, the danger.

The first question that presents itself is, at what
point of time may it be said that the plaintiff was in a
perilous position.   He said that the first time he started
to cross the track he concluded that, on account of the
speed of the car, it was not safe to make the crossing.
But subsequent events showed that his fears were
entirely groundless.   As it was, he almost succeeded in
getting over without injury, as the car only ran a dis-
tance of three feet after the collision. If the plaintiff had
gone across in the first instance, the car could easily have

been stopped before any harm could have been done, because the plaintiff himself testified that, at the time he first saw the car, it was far enough away to have been stopped twice. Just how far that was he does not say. The conclusion is a fair one that the plaintiff was not in peril until he attempted to cross the second time.

Now the difficulty which we encounter is, that the plaintiff's evidence fails to show how far away the car was, when he started the second time to cross the track, and within what distance the car could have been stopped. It seems to us that it was absolutely necessary for the plaintiff to introduce some evidence tending to prove these facts. Otherwise, it would be impossible for the jury to decide intelligently, whether the defendant's servants were lacking in diligence or not, or whether they used proper efforts to stop the car or not. The defendant's evidence on the same subjects in no way aids the plaintiff's case; but on the contrary, if the testimony of the gripman is to be credited, it was impossible to avoid the accident. He testified, in substance, that he saw the plaintiff approaching the crossing; that he sounded the gong and placed the car under control until he could determine whether the plaintiff intended to cross in front of the car or not; that he saw the plaintiff turn his horses' heads to the south along the easterly track, and that, acting under the belief that the plaintiff did not intend to make the crossing, he applied the grip to the cable and entered the curve at full speed; that, when he was eighteen or twenty feet from the plaintiff, the latter suddenly and without any previous warning attempted to cross in front of the car, and that he used every means to stop the car before the collision, but that it was impossible to do so under the circumstances.

We are, therefore, of the opinion that the plaintiff's instructions were not authorized by the evidence, and

that the verdict and judgment were against the law and the evidence.

The other questions presented by the briefs, we need not discuss.

My associates concur in this opinion, but we differ as to the proper disposition of the case. They are of the opinion that the cause ought not to be remanded, but a simple order of reversal be entered. I understand their position to be that a simple reversal is not an adjudication on the merits but is equivalent only to a nonsuit; that in the present case the plaintiff ought to have been nonsuited, as asked by the defendant, and that it is the duty of this court to make such judgment as the circuit court ought to have made. I think the proper practice is to remand a cause, unless the proof is such as to authorize this court to make a final judgment for the appellant. Now, if in the present case plaintiff had undertaken to prove how far he was from the approaching car, when he attempted to cross the track the second time, and within that space the car could have been stopped, and such evidence was deemed by us insufficient to establish a liability against the defendant, then I would not be in favor of giving the plaintiff an opportunity to amend his swearing. But when it appears, as it does in this case, that the failure to make the proof in respect of a vital point might have resulted from inadvertence, I do not think the plaintiff ought to be forced to begin his action anew. My associates, however, think differently. The judgment of the circuit court will be reversed.